UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANTHONY HARVEY, aka ANTHONY HERBERT,

    Plaintiff,

v.

FEDERAL BUREAU OF INVESTIGATIONS,

    Defendant.

Case No. C17-1054-JLR-JPD

REPORT AND RECOMMENDATION

Plaintiff Anthony Harvey (aka Anthony Herbert) is proceeding *pro se* in the above-entitled civil action. By Order dated July 24, 2017, the Court ordered plaintiff to show cause within thirty (30) days why this case should not be dismissed with prejudice for failure to state a claim upon which relief may be granted. Specifically, plaintiff's initial proposed complaint alleged that the FBI knew of and disregarded a serious risk of harm to plaintiff from other people who wished to hurt him, and plaintiff sought damages as well as an order restraining the FBI from "stalking, harassing, intimidating, threatening or sabotaging plaintiff and his cars." Dkt. 1-1 at 1-2. The Court advised plaintiff that his proposed complaint did not contain sufficient factual allegations under a cognizable legal theory sufficient to raise a right to relief above the

REPORT AND RECOMMENDATION - 1

speculative level, and that his claims against the FBI appeared frivolous. Dkt. 4 at 2. Plaintiff was also advised that failure to correct these deficiencies in an amended complaint would result in dismissal of this matter. *Id.* at 2-3.

On August 8, 2017, plaintiff filed a motion for leave to amend his proposed complaint and response to order to show cause, Dkt. 5, along with an amended complaint alleging that the Federal Bureau of Investigations ("FBI") has violated his federal civil rights. Dkt. 5; Dkt. 5-1. Once again, plaintiff alleges that the FBI violated his rights by failing to protect plaintiff from harm. Dkt. 5-1. Plaintiff alleges that when he recently met with representatives of the FBI in Seattle and explained "that the public was harassing me by following me, my computer was hacked as well as my debit card being unlawfully swiped by a device not used in stores," the FBI declined to help him "because of a mental illness they have on file," and "the FBI knows or should know that their actions or lack of would result in a serious risk of harm not only by the public but by the government as well." *Id*. at 2-3. Plaintiff asserts that "the FBI has failed to protect me because since my first complaint of public harassment I have been assaulted 3 times called the police but every time they let the suspect go. I have filed a lawsuit against two grocery store corporations in Snohomish County for attempted assault harassment that's ongoing and continuous." *Id*. Plaintiff further asserts that his cars have been damaged, his lips burned, he has been ticketed by local police, and he has been sexually assaulted. *Id.* Plaintiff requests millions of dollars in damages. *Id*. at 3.

Based upon the Court's review of plaintiff's proposed amended complaint, the Court finds that plaintiff has failed to remedy the deficiencies outlined in the Court's July 24, 2017 Order to Show Cause. Dkt. 4. A complaint may be dismissed as a matter of law if it lacks a cognizable legal theory, or states insufficient facts under a cognizable legal theory. *Robertson v.*

*Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). Under 28 U.S.C. § 1915(e), the district court must dismiss a case "at any time" it determines a complaint is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). Section 1915(e) applies to all IFP proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Here, plaintiff's proposed amended complaint fails to allege sufficient facts to provide any basis for jurisdiction in this Court, or otherwise raise a right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Because plaintiff's proposed amended complaint lacks a cognizable legal theory against the FBI, the Court finds it frivolous. *See* Dkt. 5-1.

Accordingly, the Court recommends that plaintiff's proposed complaint, Dkt. 1-1, and proposed amended complaint, Dkt. 5-1, be DISMISSED with prejudice for failure to state a claim upon which relief may be granted. In addition, the Court recommends that his IFP motion, Dkt. 1, and motion for leave to amend, Dkt. 5, be DENIED as MOOT. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). A proposed order accompanies the Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **September 5, 2017**. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **September 8, 2017**.

This Report and Recommendation is not an appealable order. Thus, a notice of appeal

REPORT AND RECOMMENDATION - 3

seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 14th day of August, 2017.

*[signature: James P. Donohue]*

JAMES P. DONOHUE
Chief United States Magistrate Judge