UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANTHONY HARVEY, aka ANTHONY HERBERT,

Plaintiff,

v.

FEDERAL BUREAU OF INVESTIGATIONS,

Defendant.

Case No. C17-1054-JLR-JPD

REPORT AND RECOMMENDATION

Plaintiff Anthony Harvey (aka Anthony Herbert) is proceeding *pro se* in the above-entitled civil action against the Federal Bureau of Investigation ("FBI"). On July 10, 2017, plaintiff filed a motion for leave to proceed *in forma pauperis*, as well as a proposed complaint. Dkt. 1; Dkt. 1-1. Plaintiff alleged in his proposed complaint that when he moved to Seattle as a youth, "the FBI knew that my dad was the Zodiac killer and failed to protect me from his partner and allies. I've been harmed by the Zodiac and his partners [and] allies and I believe the FBI knew of and disregarded a serious risk of harm." Dkt. 1-1 at 1. Plaintiff identified his legal claims against the FBI as "failure to protect, state torts of negligence, intentional conduct, government corruption, conspiracy, [and] discrimination." *Id*. at 2.

REPORT AND RECOMMENDATION - 1

The Court ordered plaintiff to show cause within thirty (30) days why this case should not be dismissed because plaintiff's proposed complaint failed to state a claim upon which relief may be granted. Dkt. 4. The Court advised plaintiff that his proposed complaint did not contain sufficient factual allegations under a cognizable legal theory sufficient to raise a right to relief above the speculative level, and that his claims against the FBI appeared frivolous. *Id*. at 2. Plaintiff was also advised that if he failed to correct these deficiencies in an amended complaint, this matter would be dismissed. *Id.* at 2-3.

On August 8, 2017, plaintiff filed a motion for leave to amend his proposed complaint and response to the order to show cause, Dkt. 5, along with a proposed amended complaint. Dkt. 5-1. However, plaintiff's proposed amended complaint simply repeats his allegations in *Herbert v. Federal Bureau of Investigations*, Case No. 2:17-cv-1032-JLR (Dkt. 8) verbatim.[1] As discussed in detail by the Honorable James L. Robart in his August 17, 2017 Order Dismissing the Complaint, plaintiff claims that he has suffered a myriad of harms in recent years from which the FBI has failed to protect him. Dkt. 5-1. Specifically, plaintiff asserts that the FBI "failed to protect [him] by kicking [him] out of their office with aggressive behavior, hanging up on [him] when [he] called to speak to a duty officer[,] and telling [him] that duty officers [do not] talk to people on the phone." *Id*. at 2. He complains that an FBI agent told him to report the alleged hacking of his computer and credit cards to the local police, but the local police failed to help

---

[1] Indeed, the only apparent difference between the factual allegations in plaintiff's complaint in Case No. 2:17-cv-1032-JLR and his proposed amended complaint in this action is plaintiff's assertion in this case that "[r]ecently I tried to contact the FBI again and they hung up on me and failed to take my serious allegations into consideration because of a mental illness they have on file. I have physical evidence in support of my allegations." Dkt. 5-1 at 3. Plaintiff also identifies his legal claims as including negligence, corporate negligence, intentional misconduct, intentional infliction of emotional distress, recklessness, conspiracy, and discrimination. *Id*.

REPORT AND RECOMMENDATION - 2

him as well. *Id*. at 2. Plaintiff further asserts that his car has been damaged and broken into, his lips have been burned with acid, and that he was sexually assaulted while he was a mental health patient at Harborview Medical Center in Seattle, Washington, as well as Valley Medical Center in Renton, Washington. *Id*. He argues that the FBI's failure to protect him from these events, as well as from public harassment and at least three assaults, amounts to an "assassination attempt." *Id.* at 3. After carefully considering these same factual allegations, Judge Robart dismissed the complaint in Case No. 2:17-cv-1032-JLR pursuant to 28 U.S.C. § 1915(e)(2)(B) on the grounds that plaintiff's allegations failed to state a claim on which relief may be granted, and sought monetary relief from a defendant who is immunized from such relief. *See Herbert v. Federal Bureau of Investigations*, Case No. 2:17-cv-1032-JLR (Dkt. 9).

Similarly, in this case, the Court finds that plaintiff has failed to remedy the deficiencies outlined in the Court's July 24, 2017 Order to Show Cause, Dkt. 4, and the proposed amended complaint suffers from the same deficiencies identified by Judge Robart in Case No. 2:17-cv-1032-JLR. Under a liberal construction, plaintiff appears to be attempting to bring an action for the deprivation of federal or constitutional rights, which is known as a "*Bivens*" action. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). However, a *Bivens* action cannot be maintained against the FBI, because the purpose of *Bivens* is to deter federal officers—not federal agencies. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 484-85 (1994) ("If we were to imply a damages action directly against federal agencies, thereby permitting claimants to bypass qualified immunity, there would be no reason for aggrieved parties to bring damages actions against individual officers . . . [and] the deterrent effects of the *Bivens* remedy would be lost."). Consequently, plaintiff cannot sue the FBI under *Bivens*. *See Murphy v. Gordwin*, No. 06-16924, 2007 WL 4570579, at *1 (9th Cir. Dec. 28, 2007) (affirming

the dismissal of a *Bivens* claim against the FBI); *Smith v. F.B.I.*, No. 01-1384, 2001 WL 1450814, at *1 (6th Cir. Nov.6, 2001) (same).

Moreover, the United States has not waived its sovereign immunity from suit in actions seeking monetary damages for constitutional violations. *See Thomas-Lazear v. F.B.I.*, 851 F.2d 1202, 1207 (9th Cir. 1988) ("[T]he United States has not waived its sovereign immunity in actions seeking damages for constitutional violations"); *see also F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994) (declining to recognize a direct action for damages against federal agencies). Thus, plaintiff's claim for damages is also subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

Finally, the Court must dismiss a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). In addition, a finding of frivolousness under 28 U.S.C. § 1915(e)(2)(B)(i) is appropriate if the facts alleged "rise to the level of the irrational or wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Plaintiff's complaint meets the criteria for dismissal under either § 1915(e)(2)(B)(i) or § 1915(e)(2)(B)(ii), because his allegations are wholly incredible. Because plaintiff has not pleaded a cognizable legal theory and it appears that he cannot cure the deficits in his proposed amended complaint by alleging additional facts, this action should be dismissed.

Accordingly, the Court recommends that plaintiff's proposed complaint, Dkt. 1-1, and proposed amended complaint, Dkt. 5-1, be DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). In addition, the Court recommends that plaintiff's IFP motion, Dkt. 1, and

motion for leave to amend, Dkt. 5, be DENIED as MOOT.  A proposed order accompanies the Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **September 19, 2017**.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **September 22, 2017**.

This Report and Recommendation is not an appealable order.  Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 29th day of August, 2017.

*James P. Donohue*
JAMES P. DONOHUE
Chief United States Magistrate Judge